IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tina Munsky and Joyce Hebble, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  10 C 3109 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Tina Munsky and Joyce Hebble, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Tina Munsky ("Munsky"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed for an MBNA/Bank of America credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Joyce Hebble ("Hebble"), is a citizen of the State of Ohio, from whom Defendant continued to demand payment of a delinquent consumer debt owed for a Sam's Club/GE Money Bank credit card, despite the fact that she had demanded, through her LASPD legal aid attorney, located in Chicago, Illinois, that Defendant cease its collection actions.

5. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois and 34 other states, NCO operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant NCO is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO does business in Illinois.

7. Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

**Ms. Tina Munsky**

8. Ms. Munsky is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an MBNA/Bank of America credit card. When NCO began trying to collect this debt from Ms. Munsky, she sought

2

the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

9. Accordingly, on February 10, 2010, one of Ms. Munsky's attorneys at LASPD informed Defendant NCO, in writing, that Ms. Munsky was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms. Munsky was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit C.

10. Nonetheless, Defendant NCO sent collection letters, dated February 10 and 12, 2010, to Ms. Munsky, demanding payment of this debt. Copies of these letters are attached as Exhibits D and E, respectively.

11. Accordingly, on April 29, 2010, one of Ms. Munsky's LASPD attorneys had to again write to Defendant NCO to demand that it cease communications and collections. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Joyce Hebble**

12. Ms. Hebble is a disabled woman, with limited assets and income, who fell behind on paying her bills, including her Sam's Club/GE Money Bank credit card. When NCO began trying to collect this debt from Ms. Hebble, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

13. On February 25, 2010, one of Ms. Hebble's attorneys at LASPD informed NCO, in writing, that Ms. Hebble was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection actions because Ms. Hebble

was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit G.

14. Nonetheless, on April 3, 2010, Defendant NCO continued its collection actions by sending a collection letter in which it demanded payment of this debt. A copy of this letter is attached as Exhibit H.

15. Accordingly, on April 20, 2010, one of Ms. Hebble's LASPD attorneys had to again write to Defendant NCO to demand that NCO cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

16. All of Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Munsky's and Ms. Hebble's agent, LASPD, told Defendant NCO to cease communications and cease collections (Exhibits C and G). By continuing to communicate, in the case of Ms. Munsky, regarding her debt, and

demanding payment, in the case of both Plaintiffs, Defendant NCO violated § 1692c(c) of the FDCPA.

21.	Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22.	Plaintiff Munsky adopts and realleges ¶¶ 1-17.  This Count II is brought solely on behalf of Ms. Munsky.

23.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.	Defendant NCO knew that Ms. Munsky was represented by counsel in connection with her debts because her attorneys at LASPD had informed NCO, in writing, that she was represented by counsel, and had directed Defendant NCO to cease communicating with her.  By directly sending Ms. Munsky a collection letter, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

25.	Defendant NCO's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Tina Munsky and Joyce Hebble, pray that this Court:

1.	Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Munsky and Hebble, and against Defendant NCO, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Tina Munsky and Joyce Hebble, demand trial by jury.

                      Tina Munsky and Joyce Hebble,

                      By: /s/ David J. Philipps
                      One of Plaintiffs' Attorneys

Dated: May 19, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com